NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000939
10-OCT-2014
08:51 AM

NO. CAAP-14-0000939

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL YAMAUCHI and MYONG YAMAUCHI, Plaintiffs-Appellees, v.
WILLIAM MIDDLETON and TATIANA MIDDLETON, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC13-1-007792)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendants-Appellants William Middleton and Tatiana Middleton's (Appellants) appeal from the Honorable Melanie Mito May's May 15, 2014 judgment, because Appellants did not file their July 15, 2014 notice of appeal within thirty days after entry of the May 15, 2014 judgment, as Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP) requires for a timely appeal from a civil district court case.

The Appellants are appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). In district court civil cases,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). In the instant case, the district court adjudicated Plaintiffs-Appellees Michael M. Yamauchi and Myong S. Yamauchi's complaint through a series of two judgments, namely (1) a December 17, 2013 judgment for possession and (2) the May 15, 2014 judgment on money

damages. The May 15, 2014 judgment is the final judgment in the series of two judgments that gives finality and appealability to all. See, e.g., Ciesla v. Reddish, 78 Hawai'i 18, 21, 889 P.2d 702, 705 (1995) (Acknowledging that, even when an appellant does not timely appeal from a district court judgment for possession under the Forgay doctrine, the appellant may "await final resolution of all claims in the case before challenging the judgment for possession."). Therefore, pursuant to HRS § 641-1(a) and Casumpang v. ILWU, Local 142, the May 15, 2014 judgment is an appealable final judgment.

However, the Appellants did not file their July 15, 2014 notice of appeal within thirty days after entry of the May 15, 2014 judgment on money damages, as HRAP Rule 4(a)(1) requires for a timely appeal. Granted, the Appellants assert that they mistakenly filed a notice of appeal at a circuit court, which the Ho'ohiki data base indicates has a file-stamped date of June 17, 2014. One might possibly interpret the Appellants' incorrect filing of their June 17, 2014 notice of appeal in the circuit court as an ex officio filing that should invoke appellate jurisdiction, because "[t]he respective clerks of the supreme court, intermediate appellate court, circuit courts, and district courts shall be ex officio clerks of all the courts of records, and as such may issue process returnable in all such courts." HRS § 606-1(b) (1993). Furthermore, Rule 2.1 of the Rules of the Circuit Courts of the State of Hawai'i (RCCSH) provides that "[t]he respective clerks of the circuit courts shall be ex officio clerks of all the courts of record and as such may accept

-3-

for filing complaints, notices of appeal and appellate briefs and may issue summons returnable in all such courts." Nevertheless, even assuming, arguendo, that the Appellants' June 17, 2014 notice of appeal qualifies as an ex officio filing under HRS § 606-1(b) and RCCSH Rule 2.1, the Appellants did <u>not</u> file that June 17, 2014 notice of appeal within thirty days after entry of the May 15, 2014 judgment, as HRAP Rule 4(a)(1) requires for a timely appeal, and, thus, the Appellants appeal is untimely under HRAP Rule 4(a)(1).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. <u>Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action</u>. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, <u>sua sponte</u>, dismiss that appeal.

<u>Housing Fin. and Dev. Corp. v. Castle</u>, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); <u>Peterson v. Hawaii</u>

Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000939 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 10, 2014.


Chief Judge


Associate Judge


Associate Judge